# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP,<br><br>   Plaintiff,<br><br>  v.<br><br>U.S. SECURITIES AND EXCHANGE COMMISSION,<br><br>   Defendant. | No. 1:23-cv-1749-BAH |

**DEFENDANT U.S. SECURITIES AND EXCHANGE COMMISSION'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

  Defendant United States Securities and Exchange Commission ("SEC"), by and through its undersigned attorney, hereby sets forth the following Answer and Affirmative Defenses to Plaintiff Gibson, Dunn & Crutcher LLP's Complaint ("Complaint"). Any allegation, averment, contention, or statement in the Complaint not specifically admitted is denied, including any statement in a heading or subheading. The SEC responds to each of the paragraphs in the Complaint as follows:

  1.  The SEC admits that Plaintiff has filed a lawsuit seeking the production of documents under the Freedom of Information Act ("FOIA"). The remaining allegations in this paragraph consist of Plaintiff's characterization of its lawsuit, to which no response is required.

  2.  The SEC admits that it received a FOIA request from Plaintiff on September 22, 2020 (the "FOIA Request"). The remaining allegations in this paragraph consist of Plaintiff's characterization of the FOIA Request, to which no response is required. The SEC refers to the FOIA Request for a complete and accurate recitation of its contents.

3. The SEC admits that Plaintiff's counsel had communications with an attorney in the SEC's Office of the General Counsel ("OGC") in or around September 2021. The SEC further admits that, on September 4, 2021 and September 8, 2021, it received letters from Plaintiff modifying the FOIA Request. The SEC refers to the referenced letters for a complete and accurate recitation of their contents, but to the extent a response is required, the SEC denies Plaintiff's characterization of the letters.

4. The SEC admits that it has not produced documents responsive to each of the seven categories identified in Plaintiff's modified FOIA Request. The remaining allegations in this paragraph consist of Plaintiff's characterization of its actions, to which no response is required.

5. The SEC admits that Plaintiff has filed a lawsuit seeking the production of documents under the FOIA, but denies the remaining allegations in this paragraph.

## JURISDICTION

6. The allegations in this paragraph consist of legal conclusions, to which no response is required.

## VENUE

7. The allegations in this paragraph consist of legal conclusions, to which no response is required.

## PARTIES

8. The SEC admits that Plaintiff is counsel of record in certain enforcement actions in which the SEC has alleged violations of Section 15(a)(1) of the Securities Exchange Act of 1934. The SEC denies the remaining allegations in this paragraph because it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

9. The SEC admits the allegations in the first sentence of this paragraph. The SEC further admits that it is subject to FOIA and responsible for responding to the FOIA Request. The remaining allegations in the second sentence of this paragraph states conclusions of law to which no response is required.

## STATEMENT OF FACTS

10. The SEC admits that it has filed enforcement actions in federal court in recent years alleging that unregistered penny stock dealers violated the Securities Exchange Act of 1934. Those actions speak for themselves and are the best evidence of their contents.

11. The allegations in the first sentence of this paragraph relate to the SEC's public filings in *SEC v. Almagarby*, No. 0:17-cv-62255-MGC (S.D. Fla. 2017), ECF No. 79, and *SEC v. Fife*, No. 1:20-cv-05227 (N.D. Ill. 2020), ECF No. 27, which speak for themselves and are the best evidence of their contents. The remaining allegations in this paragraph consist of Plaintiff's characterizations of the SEC's legal positions and the import of certain enforcement actions, to which no response is required, but to the extent a response is required, the SEC denies Plaintiff's characterization of the SEC's legal positions.

12. The SEC admits that it received a FOIA request from Plaintiff on September 22, 2020. The remaining allegations in this paragraph consist of Plaintiff's characterization of the FOIA Request, to which no response is required. The SEC refers to the referenced FOIA Request for a complete and accurate recitation of its contents.

13. The allegations in this paragraph consist of Plaintiff's characterization of the FOIA Request, to which no response is required. The SEC refers to the referenced FOIA Request for a complete and accurate recitation of its contents.

14. The SEC denies the allegations in the first sentence of this paragraph. With respect to the second and third sentences of this paragraph, the SEC admits that the Office of FOIA Services ("FOIA Office") sent Plaintiff a letter dated March 25, 2021. The remaining allegations in this paragraph consist of Plaintiff's characterization of the referenced letter, which speaks for itself. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

15. The SEC admits that the FOIA Office sent Plaintiff a letter dated March 25, 2021, and released eighteen pages of responsive records on that day. The remaining allegations in this paragraph consist of Plaintiff's characterization of that letter and the eighteen pages of responsive records, all of which speak for themselves. The SEC refers to the referenced letter and records for a complete and accurate recitation of their contents.

16. The allegations in this paragraph consist of Plaintiff's characterization of the contents of the March 25, 2021 letter, which speaks for itself. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

17. The allegations in this paragraph consist of Plaintiff's characterization of the March 25, 2021 letter, which speaks for itself. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

18. The SEC admits that it received a letter from Plaintiff on or about June 23, 2021 appealing determinations made in the March 25, 2021 letter (the "Appeal"). The remaining allegations in this paragraph consist of Plaintiff's characterization of the Appeal, which speaks for itself. The SEC refers to the Appeal for a complete and accurate recitation of its contents.

19. The allegations in this paragraph consist of Plaintiff's characterization of the Appeal, which speaks for itself. The SEC refers to the Appeal for a complete and accurate recitation of its contents.

20. The SEC admits that an OGC attorney sent an email to Plaintiff on July 19, 2021 concerning the FOIA Request and the Appeal. The remaining allegations in this paragraph consist of Plaintiff's characterization of the referenced email, which speaks for itself. The SEC refers to the referenced email for a complete and accurate recitation of its contents.

21. The SEC admits that an OGC attorney had discussions with Plaintiff in or around September 2021 concerning the FOIA Request and the Appeal. The SEC also admits that it received a letter from Plaintiff on or about September 4, 2021 modifying the FOIA Request. The remaining allegations in this paragraph consist of Plaintiff's characterization of the referenced letter, which speaks for itself. The SEC refers to the referenced letter for a complete and accurate recitation of its contents, but to the extent a response is required, the SEC denies Plaintiff's characterization of the categories identified in the letter.

22. The SEC admits that an OGC attorney had discussions with Plaintiff in or around September 2021 concerning the FOIA Request and the Appeal. The SEC also admits that it received a letter from Plaintiff on or about September 8, 2021 further modifying the FOIA Request ("modified FOIA Request"). The remaining allegations in this paragraph consist of Plaintiff's characterization of the modified FOIA Request, which speaks for itself. The SEC refers to the modified FOIA Request for a complete and accurate recitation of its contents.

23. The allegations in this paragraph consist of Plaintiff's characterization of the modified FOIA Request, which speaks for itself. The SEC refers to the modified FOIA Request for a complete and accurate recitation of its contents.

24. The SEC admits that OGC sent a letter to Plaintiff on September 16, 2021 acknowledging the modified FOIA Request, remanding the modified FOIA Request for processing, and denying in part and remanding in part the remaining issues raised in the Appeal ("Appeal Decision"). The SEC refers to the referenced Appeal Decision for a complete and accurate recitation of its contents.

25. The allegations in this paragraph consist of Plaintiff's characterization of the Appeal Decision, which speaks for itself. The SEC refers to the referenced Appeal Decision for a complete and accurate recitation of its contents.

26. The allegations in this paragraph consist of Plaintiff's characterization of the Appeal Decision, which speaks for itself. The SEC refers to the referenced Appeal Decision for a complete and accurate recitation of its contents.

27. The allegations in this paragraph consist of Plaintiff's characterization of the Appeal Decision, which speaks for itself. The SEC refers to the referenced Appeal Decision for a complete and accurate recitation of its contents.

28. The SEC admits that the FOIA Office sent a letter to Plaintiff on September 16, 2021 acknowledging the remand of the FOIA Request following the Appeal Decision. The SEC refers to the referenced letter for a complete and accurate recitation of its contents.

29. The SEC admits that the FOIA Office sent an email to Plaintiff on February 24, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of the referenced email, which speaks for itself. The SEC refers to the referenced email for a complete and accurate recitation of its contents, but the SEC denies that the FOIA Office's reasons for sending the letter were inexplicable.

30. The SEC admits that the FOIA Office received an email from Plaintiff on or about February 25, 2022 confirming that it wanted the SEC to process the modified FOIA Request. The remaining allegations in this paragraph consist of Plaintiff's characterization of the February 25, 2022 email, which speaks for itself. The SEC refers to the referenced email for a complete and accurate recitation of its contents.

31. The SEC admits that the FOIA Office sent an email to Plaintiff on March 3, 2022 with an attached letter. The remaining allegations in this paragraph consist of Plaintiff's characterization of the referenced email and attached letter, which speak for themselves. The SEC refers to the referenced email and attached letter for a complete and accurate recitation of their contents.

32. The SEC admits that the FOIA Office received an email from Plaintiff on or about June 8, 2022 concerning the modified FOIA Request. The SEC further admits that the FOIA Office did not correspond with Plaintiff between March 4, 2022 and June 8, 2022. The remaining allegations in this paragraph consist of Plaintiff's characterization of the June 8, 2022 email, which speaks for itself. The SEC refers to the referenced email for a complete and accurate recitation of its contents.

33. The SEC admits that on August 16, 2022, it released to Plaintiff twenty-three pages of documents responsive to the FOIA Request. The SEC refers to the referenced release for a complete and accurate recitation of its contents.

34. The SEC denies the allegations in this paragraph.

35. The SEC admits that the FOIA Office has not yet released records to Plaintiff in response to the seventh category of records, as set forth in the modified FOIA Request. The SEC further admits that in connection with *SEC v. Fife*, No. 1:20-cv-05227 (N.D. Ill. 2020), it

searched for and identified certain email communications based on certain search parameters agreed to by Plaintiff's counsel in that litigation. The SEC further admits that in that litigation, in response to Request No. 28 in Defendants' First Set of Document Requests, the SEC did not object that the documents at issue were privileged. The SEC denies the remaining allegations in this paragraph.

36.     The SEC admits the allegations in the first sentence of this paragraph. The SEC also admits that the seventh category of records, as set forth in the modified FOIA Request, seeks any email communications ending in "@thebasilelawfirm.com" and containing the words "dealer" and "convertible." The remaining allegations in this paragraph consist of Plaintiff's characterization of the modified FOIA Request, which speaks for itself. The SEC refers to the modified FOIA Request, as set forth in Plaintiff's September 8, 2022 letter, for a complete and accurate recitation of its contents.

37.     The SEC admits that in *Fife*, in response to Request No. 28 in Defendants' First Set of Document Requests, the SEC objected to producing the records at issue on grounds of proportionality/undue burden and relevance. The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

38.     The SEC admits that in *Fife*, in response to Request No. 28 in Defendants' First Set of Document Requests, the SEC did not object to producing the records at issue on any privilege grounds. The SEC also admits that in *Fife*, SEC counsel sent an email to defendants' counsel on March 17, 2023 concerning the SEC's responses to defendants' discovery requests. The SEC further admits that in *Fife*, then-SEC employee Martha Mitchell prepared a declaration (the "Mitchell Declaration") and that the Court ordered the SEC to look at 393 hits referenced in paragraphs five, six, and seven of that declaration and produce anything having to with the *Fife*

litigation.  The SEC further admits that following this order, the SEC produced an additional 16 emails.  The remaining allegations in this paragraph consist of either legal conclusions, to which no response is required, or Plaintiff's characterization of the referenced discovery responses, email, declaration, and transcript from *Fife*, which speak for themselves.  The SEC refers to those referenced documents for a complete and accurate recitation of their contents.

39. The SEC admits that it searched for, collected, and reviewed the 393 hits referenced in paragraphs five, six, and seven of the Mitchell Declaration in connection with the *Fife* litigation.  The SEC denies the remaining allegations in this paragraph.

## CAUSE OF ACTION

40. The SEC repeats its responses to paragraphs 1 through 39.

41. The SEC admits that it received letters from Plaintiff on or about September 4 and 8, 2021 modifying the FOIA Request.  The SEC refers to the referenced letters for a complete and accurate recitation of their contents.

42. The SEC denies the allegations in this paragraph.

43. The SEC denies the allegations in this paragraph.

44. The allegations in this paragraph state conclusions of law to which no response is required.

## RELIEF REQUESTED

The remaining paragraphs of the Complaint constitute a prayer for relief, to which no response is required.  To the extent a response is deemed necessary, the SEC denies that Plaintiff is entitled to the relief requested, and further denies that Plaintiff is entitled to any relief whatsoever, including costs and attorneys' fees.

**AFFIRMATIVE DEFENSES**

1.      The FOIA Request, including any modifications, is improper and does not meet the requirements under the FOIA or the SEC's regulations.

2.      The Complaint fails to state a claim upon which relief can be granted as the SEC has not improperly withheld any documents under the FOIA.

3.      "Exceptional circumstances" exist, within the meaning of 5 U.S.C. 552(a)(6)(C), that prevented the SEC from processing the FOIA request at issue, including any modifications to it, within the statutory timeframe.

4.      The SEC is exercising due diligence in responding to the FOIA request at issue, including any modifications to it.

5.      On information and belief, certain exemptions under the FOIA protect from release some of the information sought by Plaintiff through its FOIA request and any modifications to it.

6.      Plaintiff is not entitled to costs or fees.

WHEREFORE, having fully answered, the SEC prays for judgment as follows:

1.      For an Order dismissing Plaintiff's Complaint in its entirety with prejudice;

2.      Enter judgment in its favor and against Plaintiff;

3.      For such other and further relief as the Court may deem just and proper.

Dated:  August 3, 2023

Respectfully submitted,

/s/ *Michael S. Bailey*
Michael S. Bailey
U.S. Securities and Exchange Commission
D.C. Bar No. 983676
100 F Street, NE
Washington, DC  20549-9612
Telephone: (202) 551-7428
Facsimile: (202) 772-9263
Email: BaileyM@sec.gov

*Counsel for Defendant U.S. Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Helgi C. Walker
Brian Richman
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington, DC  20036-5306

*Counsel for Plaintiff*

                                              */s/ Michael S. Bailey*
                                              U.S. Securities and Exchange Commission